

FILED
MARIE HIRST COURT CLERK
CANADIAN COUNTY, OKLAHOMA

AUG 22 2022

BY_____ DEPUTY

IN THE DISTRICT COURT OF CANADIAN COUNTY
STATE OF OKLAHOMA

FARMERS MUTUAL FIRE INSURANCE )
COMPANY OF OKARCHE, )
 )
Plaintiff, )
 ) Case No. CJ-2022-443
v. ) The Honorable Jack D. McCurdy
 )
HL MOTOR GROUP, INC., OF )
RICHMOND HILL, ONTARIO; and, )
OGNJEN MILANOVIC, )
 )
Defendants. )

SET FOR HEARING BEFORE
JUDGE JACK D. MCCURDY II
ON THE 14 DAY OF Oct
2022 AT 10:30 A.M.

## PLAINTIFF'S MOTION TO SERVE BY OTHER MEANS

The Plaintiff, Farmers Mutual Fire Insurance Company of Okarche ("FMFICO"), through its counsel of record, Daniel G. Webber, Sr., of the firm DANIEL G. WEBBER, ATTORNEY AT LAW, and Gerard F. Pignato, of the firm RYAN WHALEY, pursuant to 12 O.S. § 2004 (C)(6) requests this Court to permit this Plaintiff to obtain service upon the Defendants by other means. Specifically, FMFICO has been unable to serve the Canadian Defendants, HL Motor Group, Inc., of Richmond Hill, Ontario ("HL Motor Group"), and Ognjen Milanovic ("Milanovic"), by way of registered mail. FMFICO is aware that these Defendants have liability insurance with Old Republic Insurance Company (Old Republic), which uses a Third Party Administrator ("TPA"), Gallagher Bassett, to handle this claim. The adjuster for Gallagher Bassett who has been involved in the handling of this claim is Mark Romanowski ("Romanowski"). Romanowski is very familiar with the claims asserted in this case. Accordingly, FMFICO requests that it be permitted to serve the Defendants' liability insurer, Old Republic, through its TPA, Gallagher Bassett, on behalf of the above-named Defendants. In support of this Motion, FMFICO states the following:

## STATEMENT OF MATERIAL FACTS AND ALLEGATIONS

1. HL Motor Group is an interstate motor carrier based in Ontario, Canada.

2.  Upon information and belief, Milanovic, a citizen of Ontario, Canada, was employed at all relevant times by HL Motor Group and drove trucks for HL Motor Group in the United States, including the State of Oklahoma.

3.  FMFICO is an Oklahoma insurance corporation, domiciled in the state of Oklahoma, and maintains it principal place of business in Okarche, Canadian County, Oklahoma.

4.  On August 8, 2020, Milanovic drove a truck, owned by HL Motor Group, through Canadian County, Oklahoma, within the scope and course of his employment with HL Motor Group. At approximately 4:19 p.m., Milanovic was driving in a southerly direction on the Kilpatrick Turnpike, when he drove his truck off the highway. Milanovic traveled 260 feet off the roadway and slammed into a home owned by Earlene Carr in Yukon, Oklahoma.

5.  HL Motor Group is liable to FMFICO for the negligent acts of Milanovic under the doctrine of *respondiat superior*. HL Motor Group is also liable to FMFICO based on its own independent acts of negligence, including, but not limited to, negligent hiring, training, and retention of Milanovic.

6.  At the time of this accident, described above, Ms. Carr was insured under a policy of homeowners insurance issued by FMFICO to Earlene Carr, Policy Number V20200056, for the policy period of December 20, 2020 – December 20, 2021. FMFICO has made payments to Ms. Carr under the policy in the amount of $137,472.83. FMFICO has also made payments to others in connection with this claim.

7.  FMFICO is entitled to recover these insurance proceeds paid to and on behalf of Ms. Carr from the tortfeasors, HL Motor Group and Milanovic, by way of subrogation. If any future payments are made to Ms. Carr, FMFICO will be entitled to recover those benefits from Defendants as well, as the subrogee of Ms. Carr.

8. FMFICO filed suit against Milanovic and HL Motor Group in the District Court of Canadian County on August 4, 2022. Despite good faith efforts on the part of Plaintiff's counsel to serve Defendants via registered mail, the above-named Canadian Defendants have not been served.

## ARGUMENTS AND AUTHORITIES

Title 12 O.S. § 2004 is Oklahoma's authority on service of process. Section 2004(C)(6) allows for alternative methods of service. Specifically, the statute states that "if service cannot be made by personal delivery or by mail, a defendant of any class referred to in Division (1) or (3) of subparagraphs c of paragraph 1 of this subsection may be served as provided by court order in any manner which is reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." The comments to § 2004 (C)(6) state:

> Where service cannot be accomplished by personal delivery or by mail, the court may order service in any manner that is "reasonably calculated to give him actual notice of the proceedings and an opportunity to be heard."
>
> *See Milliken v. Meyer*, 311 U.S. 457, 463 (1940). This provision gives the Court discretion to fashion a method of service appropriate to particular circumstances so long as this standard is met. **Similar statutes in other jurisdictions have permitted the use of substituted service of process on the liability insurer of an unavailable tortfeasor under circumstances in which the defendant knew he had been involved in an accident and was likely subject to suit and disappeared** [citations omitted].

Okla. Stat. Ann. Tit. 12 § 2004.

In the present action, FMFICO's representatives exchanged numerous correspondence with Romanowski throughout the handling of this claim by Gallagher Bassett on behalf of Old Republic. Romanowski has even been provided with a courtesy copy of the Petition filed by FMFICO in the present case. The reason for the problems in getting these two (2) Defendants served is due to the fact they are located and/or reside in Ontario, Canada.

Oklahoma law specifically allows service by other means when the more conventional means of doing so have failed or are impossible. In keeping with the spirit of Oklahoma's statute, the most rational alternative left for FMFICO in the present case to ensure that the Canadian Defendants are given notice of the proceedings and an opportunity to defend the action is to serve the entity(ies) contractually obligated to do so on Defendants' behalf. As such, the Plaintiff, FMFICO, requests this Court issue an Order allowing it to serve the above-named Defendants by certified mail through Old Republic's TPA, Gallagher Bassett and Romanowski.

## **CONCLUSION**

For the reasons stated above, Plaintiff requests this Court enter an Order permitting it to serve Defendants by certified mail through Old Republic's TPA, Gallagher Bassett and Romanowski. Gallagher Bassett and Romanowski have been closely involved in the handling of this claim since the onset and is the entity with the most knowledge regarding the same. More importantly, service upon Gallagher Bassett and Romanowski will then allow them to contact their attorneys to assume the defense of the Defendants and allow this matter to move forward.

Respectfully submitted,

GERARD F. PIGNATO, OBA #11473
**RYAN WHALEY**
400 North Walnut Avenue
Oklahoma City, Oklahoma 73104
(405) 239-6040
(405) 239-6766 FAX
jerry@ryanwhaley.com

AND

Daniel G. Webber, Sr., OBA #9422
Post Office Box 699
Watonga, Oklahoma 73772
Telephone: 580-623-7400
 405-375-6700
Facsimile: 405-375-6718
Email: dgw_attorney@outlook.com

*Attorneys for Farmers Mutual Insurance Company of Okarche*