UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FARMERS MUTUAL FIRE INSURANCE COMPANY OF OKARCHE, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No: 5:22-cv-00752-D ) |
| HL MOTOR GROUP, INC. and OGNJEN MILANOVIC, | ) ) ) ) |
| Defendants. | ) ) |

# DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE PLAINTIFF'S COMPLAINT

Defendants, HL Motor Group, Inc. ("Highlight") and Ognjen Milanovic ("Mr. Milanovic"), by their attorneys, Lewis Brisbois Bisgaard & Smith LLP, for their Answer and Affirmative Defenses to the Plaintiff's Complaint, state as follows:

1. HL Motor Group is an interstate motor carrier based in Ontario, Canada.

**ANSWER:** Defendants admit the averments contained in Paragraph 1 of plaintiff's Complaint.

2. Upon information and belief, Milanovic, a citizen of Ontario, Canada, was employed at all relevant times by HL Motor Group and drove trucks for HL Motor Group in the United States, including the State of Oklahoma.

**ANSWER:** Defendants admit the averments contained in Paragraph 2 of plaintiff's Complaint.

3. FMFICO is an Oklahoma insurance corporation, domiciled in the state of Oklahoma, and maintains it principal place of business in Okarche, Canadian County, Oklahoma.

**ANSWER:** Defendants admit the averments contained in Paragraph 3 of plaintiff's Complaint.

4. On August 8, 2020, Milanovic drove a truck, owned by HL Motor Group, through Canadian County, Oklahoma, within the scope and course of his employment with HL Motor Group. At approximately 4:19 p.m., Milanovic was driving in a southerly direction on the Kilpatrick Turnpike, when he negligently drove his truck off the highway. Milanovic traveled 260 feet off the roadway, and slammed into a home owned by Earlene Carr in Yukon, Oklahoma.

**ANSWER:** Defendants admit that Mr. Milanovic, while an employee of Highlight, was operating Highlight's vehicle at the time in in the location of the incident giving rise to this action but deny the remaining averments contained in Paragraph 4 of plaintiff's Complaint.

5. HL Motor Group is liable to FMFICO for the negligent action of Milanovic under the doctrine of respondeat superior. HL Motor Group is also liable to FMFICO based on its own independent acts of negligence, including, but not limited to, negligent hiring, training, and retention of Milanovic.

**ANSWER:** Defendants deny the averments contained in Paragraph 5 of plaintiff's Complaint.

6. At the time of this accident, described above, Ms. Carr was insured under a policy of homeowners insurance issued by FMFICO to Earlene Carr, Policy Number V20200056, for the policy period of December 20, 2020 - December 20, 2021. FMFICO has made payments to Ms. Carr under the policy in the amount of $137,472.83. FMFICO has also made payments to others in connection with this claim.

**ANSWER:** Defendants lack sufficient knowledge to form a belief as to the truth of the averments contained in Paragraph 6 of plaintiff's Complaint.

7. FMFICO is entitled to recover these insurance proceeds paid to and on behalf of Ms. Carr from HL Motor Group and Milanovic by way of subrogation. If any future payments are made to Ms. Carr, FMFICO will be entitled to recover those benefits from Defendants as well, as the subrogee of Ms. Carr.

**ANSWER:** Defendants deny the averments contained in Paragraph 7 of plaintiff's Complaint.

WHEREFORE, Defendants, HL Motor Group, Inc. and Ognjen Milanovic, deny that they are liable to the plaintiff in any amount whatsoever, and pray that judgment be entered in its favor, and against the plaintiff, on plaintiff's Complaint, and awarding their costs incurred in defending this action.

## Affirmative Defenses

For their Affirmative Defenses to Plaintiff's Complaint, Defendants, HL Motor Group, Inc. and Ognjen Milanovic, state as follows:

### First Affirmative Defense – Unavoidable Accident

1. On August 8, 2020, Mr. Milanovic, while employed by and driving a Highlight tractor-trailer, lost consciousness as the result of a sudden medical emergency (the "incident").

2. As a result of the loss of consciousness, Mr. Milanovic was unable to operate his vehicle.

3. The sudden loss of consciousness made it impossible for Mr. Milanovic to operate and control his vehicle.

4. At the time of the incident, Mr. Milanovic had no reason to anticipate that he could or would experience a sudden loss of consciousness.

5. Prior to the incident, Mr. Milanovic had never experienced a sudden loss of consciousness.

6. Prior to the incident, Mr. Milanovic, who was a licensed commercial driver, passed every Commercial Driver Medical Certification Examination ("CDME") that he was required to take.

7. On August 8, 2020, Mr. Milanovic was up to date on his required CDME and certified as fit to drive.

8. At the time of the incident, Mr. Milanovic's vehicle was not traveling in excess of the mandatory speed limit nor was he violating any statute, rule, regulation or operating procedure.

9. In the event defendants are found to be negligent, which allegations are specifically denied, then defendants will prove that said negligence is excused by actions not of defendants own making, including but not limited to, the occurrence of an Unavoidable Accident.

10. Pursuant to Oklahoma law, when the operator of a motor vehicle is suddenly stricken by a period of unconsciousness for which he has no reason to anticipate and which renders it impossible for him to control the vehicle that he is operating, the driver is not chargeable with negligence or negligence *per se* as to such lack of control.

11. Pursuant to Oklahoma law, the Unavoidable Accident Defense is a complete defense to an action based on the asserted negligence of a defendant driver of a motor vehicle.

12. As such, the Unavoidable Accident that rendered Mr. Milanovic unconscious, which was unforeseeable, bars plaintiffs' claims against defendants.

**Second Affirmative Defense**

13. Plaintiff avers a negligence claim against Highlight for failing to act reasonably in hiring, instructing, training, supervising and retaining Mr. Milanovic.

14. As a matter of law, by enrolling in a license-monitoring program, Highlight exercised reasonable care in monitoring Mr. Milanovic's driving record as required by 49 CFR 391.25 to determine whether she met the minimum requirement for safe driving.

**Third Affirmative Defense – Punitive Damages**

15. Plaintiff avers that he is entitled to punitive damages.

16. Defendants deny that plaintiff is entitled to punitive relief whatsoever and deny they acted in a reckless, deliberate, malicious, conscious disregard, wanton and/or willful manner relative to plaintiff.

**Additional Affirmative Defenses**

17. Defendants rely on all defenses, limitations and set offs provided under law including all defenses available under Oklahoma and Federal statutes, rules, regulations and procedures.

18. Defendants reserve the right to submit additional and/or supplemental affirmative defenses to this action which may become known to defendants during the course of investigation, discovery and/or trial of this matter.

WHEREFORE, Defendants, HL Motor Group, Inc. and Ognjen Milanovic, request that judgment be entered in their favor and against the plaintiff on their Affirmative Defenses.

                                              Respectfully submitted,

                                              HL Motor Group, Inc. and Ognjen Milanovic,

                                              By:/s/ *Michael T. Franz*
                                                        One of Defendants' Attorneys

Michael T. Franz
Lewis Brisbois Bisgaard & Smith LLP
550 West Adams Street
Suite 300
Chicago, Illinois 60661
Michael.Franz@lewisbrisbois.com
(312) 463-3329 Phone
(312) 345-1776 Facsimile

Date: August 29, 2022

*Attorneys for Defendants*

75944-45

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FARMERS MUTUAL FIRE INSURANCE COMPANY OF OKARCHE, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No: |
| HL MOTOR GROUP, INC. and OGNJEN MILANOVIC, | )<br>)<br>)<br>) |
| Defendants. | ) |

## AFFIDAVIT OF INSUFFICINET KNOWLEDGE

Under penalties as provided by law, being first duly sworn on oath, depose and state that I am a member of the firm of Lewis Brisbois Bisgaard & Smith LLP, attorneys for defendants herein, and further, that I have read the foregoing Defendants' Answer to Plaintiff's Complaint and the statements therein, including those regarding insufficient knowledge, and that said statements are true and correct to the best of my knowledge and belief:

Michael T. Franz
Lewis Brisbois Bisgaard & Smith LLP
550 West Adams Street
Suite 300
Chicago, Illinois 60661
Michael.Franz@lewisbrisbois.com
(312) 463-3329 Phone
(312) 345-1776 Facsimile

Date: August 30, 2022

Respectfully submitted,

HL Motor Group, Inc. and Ognjen Milanovic,

By: /s/ *Michael T. Franz*
One of Defendants' Attorneys

*Attorneys for Defendants*

75944-44

## Certificate of Service

I hereby certify that I electronically filed Defendants' Answer and Affirmative Defenses via the ECF Filing System and that a true and correct copy will be served electronically to all attorney(s) of record.

/s/ *Michael T. Franz*