IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RANDY LUNDY,<br><br>    Plaintiff,<br><br>v.<br><br>HL MOTOR GROUP, INC., HIGHLIGHT MOTOR FREIGHT USA, INC., OLD REPUBLIC INSURANCE COMPANY, AND OGNJEN MILANOVIC,<br><br>    Defendants. | Case No.: CIV-22-699-F |
| FARMERS MUTUAL FIRE INSURANCE COMPANY OF OKARCHE,<br><br>    Plaintiff,<br><br>v.<br><br>HL MOTOR GROUP, INC. and OGNJEN MILANOVIC,<br><br>    Defendants. | Case No.:  CIV-22-752-F |

**PLAINTIFF FARMERS MUTUAL FIRE INSURANCE COMPANY OF OKARCHE'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Plaintiff Farmers Mutual Fire Insurance Company of Okarche ("FMFICO") respectfully files this Reply in Support of its Motion for Summary Judgment (Doc. 23). Defendants' Response provides no basis to deny FMFICO's requested relief, and thus summary judgment should be entered.

    **I.**    **Defendants have not contested Plaintiff's Undisputed Material Facts.**

Pursuant to LCvR 56.1: "The response brief in opposition to a motion for summary judgment (or partial summary judgment) shall begin with a section responding, by

1

correspondingly numbered paragraph, to the facts that the movant contends are not in dispute and shall state any fact that is disputed." Defendants have made no effort to dispute FMFICO's Material Facts, and thus they are admitted.

II. **Plaintiff has submitted Appropriate Evidentiary Support.**

Defendants make a cursory argument that much of Plaintiff's evidence submitted in support of its Motion for Summary Judgment is insufficient. However, Defendants clearly misunderstand federal practice requirements. The language cited by Defendants from Fed.R.Civ.P. 56(c)(2) merely states that the material must ultimately be capable of being submitted "in a form that would be admissible evidence." There is no requirement that the evidence be presented in such a form at the time it is submitted for summary judgment. "At the summary judgment stage, evidence need not be submitted in a form that would be admissible at trial," but "the content or substance of the evidence must be admissible." *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006), quoted in *Turner v. Phillips 66 Co.*, 791 Fed. Appx. 699, 704 (10th Cir. 2019.

> Pursuant to Federal Rule of Civil Procedure 56, "[a] party may object that the material cited to support or dispute a fact *cannot be presented* in a form that would be admissible in evidence." FED. R. CIV. P. 56(c)(2) (emphasis added). Although VGT has yet to present the evidence in a form that would be admissible at trial, it may be able to authenticate the evidence through a properly sworn affidavit. Accordingly, Castle Hill has not shown that the Joker's Wild Forum and Facebook evidence cannot be presented in a form that would be admissible in evidence, and the court will consider the evidence on summary judgment.

*Video Gaming Techs., Inc. v. Castle Hill Studios LLC*, 17-CV-00454-GKF-JFJ, 2019 WL 13217432, at *2 (N.D. Okla. June 6, 2019). Stated similarly:

> "'The requirement is that the party submitting the evidence show that it will be possible to put the information, the substance or content of the evidence, into an admissible form.'" *Id.* at 924…Here, the court notes that defendant has not argued that the screen shots cannot be presented in a form that would be admissible in evidence. *See*, Rule 56(c)(2) ("[A] party may object that the material cited to support or dispute a fact *cannot be presented in a form that would be admissible in evidence.*") (emphasis added). Rather, it posits that the evidence is not admissible as presented for summary judgment.

*Lozano v. Golden Rule Ins. Co.*, CIV-15-1230-F, 2018 WL 8332700, at *5 (W.D. Okla. Feb. 8, 2018).

Defendants have made no effort to identify what substance of any exhibit cannot be presented by admissible means at trial or that there are any issues regarding authenticity or the like, presumably because there are no such issues. Defendants' expert report contains information that would be provided by Defendants' expert testimony (and Defendants utilize that same expert to submit an affidavit for their own summary judgment and in the instant Response). Medical records are admissible, self-authenticating (or can be authenticated by the provider) and subject to the business records exception. *United States v. Durham*, 902 F.3d 1180, 1234 (10th Cir. 2018) ("[H]ospital records ... fit conceptually within the long-established exception for business records."). Medical articles were not submitted to support a material fact, and thus have no bearing on Plaintiffs' undisputed contentions, other than to address the lack of credibility of Defendants' expert, a task which can be duplicated at trial. The police report may be submitted at trial pursuant to FRE 803(8)(A)(ii). *See Beech Aircraft Corp. v. Rainey,* 488 U.S. 153, 109 S.Ct. 439, 102 L.Ed.2d 445 (1988); *Rhodes v. Curtis*, CIV. 04-476-P, 2006 WL 1047021, at *2 (E.D. Okla. Apr. 12, 2006). Notably, Defendants' expert expressly reviewed and relied upon

both the medical records and the police report in preparing his expert report – further endorsing the reliability of these documents (or alternatively wholly undercutting his own conclusions). Similarly, the insurance policy declaration page and insurance policy loss report are documents maintained by Plaintiff in the normal course of business and that have been produced to Defendants in this litigation. In short, the evidence is admissible, regardless of the generic challenge advanced by Defendants.

### III. Defendants cannot establish the unavoidable accident defense.

Without belaboring this point given the extensive discussion in FMFICO's Motion for Summary Judgment and its Response to Defendants' Motion for Summary Judgment, Defendants have not and cannot establish that Defendant Milanovic suffered from a sudden loss of consciousness. Defendant Milanovic states that he cannot remember the accident at all. It is impossible for him to contend both that he cannot remember but also did not fall asleep. Again, Defendants' expert does not opine at all as to any medical basis for concluding Defendant Milanovic did not fall asleep – he simply adopts Defendant Milanovic's contention that is already controverted by his own testimony that he could not remember what happened. He does not provide any medical evidence or authority to support a contention that Defendant Milanovic could instantly go from asymptomatic to unconscious as a result of dehydration. In short, Defendants' present no basis for the conclusion presented by Defendants' expert, the only source of an explanation as to what occurred.

Regardless, Defendants cannot explain how dehydration is unforeseeable. To the contrary, Defendant HL expressly stated that it was "***not possible***" for Milanovic to be

dehydrated at the time of the collision. If one drinks a substantial amount of water, it is foreseeable that he will need frequent restroom breaks. If one drinks a substantial amount of alcohol, it is foreseeable that he could cause an accident. If one does not drink enough fluid, dehydration occurs. It is that simple. Neither Defendant Milanovic nor Defendants' expert can offer any explanation as to why dehydration is unforeseeable – because it's not.

### IV. Defendants simply ignore the fact that failure to account for dehydration is itself negligent.

Negligence, at its core, is a fairly simple proposition. One has a duty toward others that can be affected by his or her conduct to act responsibly under the circumstances. Here, Defendant HL has admitted its drivers are responsible for ensuring they are hydrated at all and that Milanovic had the ability to prevent becoming dehydrated. Similarly, Defendant Milanovic admits that an accident resulting from dehydration is something preventable and under his control. Both Defendants agree that fluids were easily available to Milanovic. Thus, while Defendant HL contends that Defendant Milanovic could not have been dehydrated, if he was, it was a foreseeable and preventable condition. Assuming Milanovic failed to stay hydrated, he was clearly negligent and such acts are imputed to his employer.

### CONCLUSION

For the reasons set forth herein and in its Motion for Summary Judgment, Plaintiff Farmers Mutual Fire Insurance Company of Okarche requests the Court enter judgment in its favor and against Defendants.

Respectfully Submitted,

s/ Matthew C. Kane
Gerard F. Pignato, OBA No. 11473
Matthew C. Kane, OBA No. 19502
**RYAN WHALEY**
400 North Walnut Avenue
Oklahoma City, Oklahoma 73104
(405) 239-6040
(405) 239-6766 FAX
jerry@ryanwhaley.com
mkane@ryanwhaley.com

*Attorneys for Plaintiff*
*Farmers Mutual Fire Insurance Company*
*Of Okarche*

## CERTIFICATE OF SERVICE

☑ I hereby certify that on June 14, 2023, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Michael T. Franz, Esquire
Jeremy K. Schrag, Esquire
Rodney Stewart, Esquire

s/ Matthew C. Kane
For the Firm