# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FARMERS MUTUAL FIRE INSURANCE COMPANY OF OKARCHE, | |
| Plaintiff, | |
| v. | Case No.: 5:22--cv-00752-F |
| HL MOTOR GROUP, INC. and OGNJEN MILANOVIC, | |
| Defendants. | |

## AFFIDAVIT OF OHP TROOPER WAYNE LINZY

STATE OF OKLAHOMA    )
                     )  ss:
COUNTY OF OKLAHOMA   )

I, Wayne Linzy, of lawful age, state as follows:

1.      I am employed by the state of Oklahoma as a Highway Patrolman, and have been so employed for 25 years. During that period of time, I have investigated hundreds of accidents, ranging from mild fender-benders to fatalities. I have been trained on how to investigate highway accidents and human responses to same.

2.      On August 8, 2020, I was called to investigate a crash involving a semi driven by Ogden Milanovic. The accident occurred when Mr. Milanovic drove off the Kilpatrick Turnpike in Yukon, Oklahoma. I spoke to Mr. Milanovic briefly at the hospital following the accident because he suffered some injuries. Mr. Milanovic told me in the hospital he did not recall the accident. He did not say anything about blacking out.

3.      Based on my investigation, I was able to determine that when Mr. Milanovic left the Kilpatrick Turnpike in his semi, he traveled down an embankment. The physical

evidence demonstrated he slammed on his brakes. Still, the weight and momentum of his truck, combined with the steep downgrade made it virtually impossible for him to stop. He attempted to drive his truck between two houses. Unfortunately, the distance between the two houses was not enough to allow him to drive clearly between them so he clipped both houses on his way through.

4. After years of accident investigation and studying human response, I can state that when a driver completely blacks out, he/she does not immediately come back to his/her normal cognitive state. A person who is passed out, whether that be induced by a stimulus, knock out by a punch, or medically, in my experience, has never popped up exactly where he/she was before he/she blacked out. They come back in a haze or in a fog. In my experience, when the driver falls asleep at the wheel, when he/she is shaken awake he/she comes back in a level of awareness that allows him/her to begin functioning appropriately.

5. Mr. Milanovic's vehicle came off of the Turnpike in a drift pattern, which most vehicles will do because very few of them have an alignment that will just hold the vehicle going straight down the road. So the vehicle, without interference, without skid or brakes, entered the grass area; there was no steer or brake input. It was free rolling. However, as the semi began down the embankment, the vehicle then went into a shake movement which made the driver aware, or at least on the first impact with the rear fence of the housing edition, would be another large boom.

6. When a driver has passed out medically or non-medically, that alone is not something that brings him/her back to complete awareness. However, if I scare you out of

your sleep you begin making human assessments and adjustments, immediately. The reason that we know that human assessments or adjustments are being made is because of the steering input and breaking input that was being applied in between the initial fence line impact and the secondary fence impact. This is because Mr. Milanovic was traveling through these backyards taking out multiple fences before he actually reached the structures.

7. In my experience as a highway patrolman, if Mr. Milanovic had a medical episode, such as a heart attack, a seizure, a diabetic coma, he would not have awakened that quickly and regained his full senses.

8. Based on my investigation of this accident, Mr. Milanovic made a conscious decision to steer his vehicle in an effort to avoid maximum damage. This was a prudent decision on his part, which again, puts high cognitive thinking into place versus someone who has passed out or who has had a medical episode. In that high cognitive thinking is this driver – Mr. Milanovic – steering for the gap. In other words, Mr. Milanovic was steering an 80,000-pound vehicle. He could plant that vehicle into either structure A or structure B. But he saw a gap in between and he shot for that gap. Now, it was not a large gap, but it was a visual gap, and he steered for that gap. He tried to fit that 80,000-pound vehicle through that small gap. It did not make it, but it was actually the best choice.

9. That is high cognitive thinking because without that he would have either planted that semi into structure A or structure B and either he or someone else would likely have perished in that accident.

10. Said differently, very cognitive thinking allowed Mr. Milanovic to immediately think to himself, "Where do I put this thing?" and he saw that small gap. But, again, those structures are offset to each other. There was no way at that angle he could make it through that gap, but visually, he saw a gap and he steered for that gap. After the impact with the houses, he still demonstrated a high level of cognitive thinking as demonstrated by his effort to bring that big rig to a stop. Again, based on my experience as a highway patrolman who has investigated hundreds of accidents, if Mr. Milanovic had suffered a true medical episode, he would not have been able to recover so quickly in order to minimize the damage to his vehicle and to the houses he ultimately struck.

11. In my opinion, Mr. Milanovic simply fell asleep at the wheel. It does not take long, in a truck or a car, to fall asleep. It does not take that long for a driver to release steering input on any vehicle and it remain on the roadway.

Dated this 13 day of June 2023.

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
WAYNE LINZY

Sworn to and subscribed before me this 13th day of June 2023.

(SEAL)

SARAH A. RAMSEY
NOTARY PUBLIC
STATE OF OKLAHOMA
Commission # 22007401  Expires 05/27/26

_____
Notary Public

My Commission Number: 22007401

My Commission Expires: 5-27-26