IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RANDY LUNDY,<br><br>      Plaintiff,<br><br>v.<br><br>HL MOTOR GROUP, INC., HIGHLIGHT MOTOR FREIGHT USA, INC., OLD REPUBLIC INSURANCE COMPANY and OGNJEN MILANOVIC,<br><br>      Defendants. | CASE NO. 5:22-CV-00699-F |
| FARMERS MUTUAL FIRE INSURANCE COMPANY OF OKARCHE,<br><br>      Plaintiff,<br><br>v.<br><br>HL MOTOR GROUP, INC., and OGNJEN MILANOVIC,<br><br>      Defendants. | CASE NO. 5:22-CV-00752-F |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR
MOTIONS FOR SUMMARY JUDGMENT**

     Defendants, HL Motor Group, Inc., Highlight Motor Freight USA, Inc. ("Highlight"), Ognjen Milanovic ("Mr. Milanovic") and Old Republic Insurance Company[1], by their attorneys, Lewis Brisbois Bisgaard & Smith LLP, for their Reply in Support of Their Motions for Summary Judgment, state as follows:

---

[1] Defendant, Old Republic Insurance Company, is not a named defendant in 5:22-CV-00752-F.

1

Each of the Plaintiffs' Responses to Defendants' Motion for Summary Judgment (Docs. 25 and 29) contends that Defendants cannot establish the "unavoidable accident" defense regardless of whether the accident was caused by Mr. Milanovic falling asleep at the wheel or suffering from a sudden loss of consciousness.

Beginning with the former, Plaintiff Farmers argues that the physical evidence that Mr. Milanovic slammed on the brakes and attempted to drive the truck between two houses establishes that Mr. Milanovic fell asleep and woke up when the truck went off the road. In support, Plaintiff Farmers attached the affidavit of Oklahoma Highway Patrolman, Trooper Wayne Linzy (Doc. 29-7), who states that based on his experience in accident investigation and studying human response, he can opine that there is a difference between response times and awareness from a person who wakes up from passing out as opposed to waking up from sleep. (Doc. 29-7, ¶ 4).  In turn, Trooper Linzy states, without any medical degree or medical expertise, that Mr. Milanovic would not have awakened as quickly if he had suffered a medical episode and that because Mr. Milanovic woke up and made a conscious effort to steer his vehicle to avoid maximum damage, he "simply fell asleep at the wheel." (Doc. 29-7, ¶¶ 8-11).  This affidavit is speculative, wholly conclusory and does not in any way establish that Mr. Milanovic fell asleep while driving.

Plaintiff further attempts to analogize the opinions set forth in the report by Defendants' retained expert, Dr. Fletcher, to the affidavit provided by the defendant's physician in *Bowers v. Wimberly*, 1997 OK 24, ¶ 12, 933 P.2d 312, 315.  In *Bowers*, the Court found that the affidavit of the physician for defendant, Dr. Love, was insufficient to grant summary judgment.  Dr. Love's affidavit provided as follows:

2

> "Dr. Love stated his medical opinion that Mr. Wimberly suffered an acute cerebral infarction "precipitating" the truck accident. Dr. Love stated that in his opinion there was no way for Mr. Wimberly to have anticipated the stroke and that strokes of this nature are unexpected and "not foreseeable." The affidavit states, "Essentially there was a sudden unexpected collapse of a blood vessel that caused Mr. Wimberly to lose consciousness and thereby lose control of his vehicle." The affidavit stated that there was nothing in Mr. Wimberly's medical history to prevent him from driving a vehicle on the date of this accident. Finally, the doctor's affidavit concluded that there was no reason for Mr. Wimberly to have expected this stroke and sudden loss of consciousness and that "it was strictly unforeseeable and not within the control of Mr. Wimberly."

*Bowers*, 933 P.2d at 313. In response, plaintiff submitted an affidavit of the Highway Patrol trooper which placed the "cause of the accident in controversy by showing that reasonable persons could find that the stroke was not the cause of the accident." *Id*. at 315. Consequently, the Court ruled that the statements of Dr. Love about causation and foreseeability were not uncontroverted facts, and that the plaintiff had sufficiently demonstrated that there were material facts in controversy. *Id*. at 315.

This case is distinguishable from *Bowers* in that there are no facts that evidence Mr. Milanovic fell asleep. Instead, there is no genuine issue of material fact that Mr. Milanovic had a sudden loss of consciousness that caused his vehicle to leave the road. This is reinforced by Mr. Milanovic's testimony on the accident as well as his lack of recollection of the events prior to the impact of the accident (*See* Doc. 25-5, 65:17-25; 69:9 – 70:13; 74:1-15; 117:21 – 118:2), and by Dr. Fletcher who testified that based on his experience, review of post-accident medical records and Mr. Milanovic's deposition testimony, Mr. Milanovic suffered a heat-related acute illness causing a sudden loss of consciousness preventing him from controlling his vehicle. (*See* Doc. 25-6, ¶¶ 20-21).

3

In opposition, Plaintiff Farmers claims that the accident report combined with the affidavit of Trooper Linzy establishes that Mr. Milanovic fell asleep at the wheel prior to leaving the roadway. (Doc. 29, p. 13). The affidavit states that Mr. Milanovic would not have woken up prior to impact had he been experiencing a medical episode. (Doc. 29-7, ¶ 7). First off, Trooper Linzy does not have the medical expertise to opine that an individual who fell asleep, as opposed to having a loss of consciousness, that upon waking up would have a full level of awareness or high cognitive state to function appropriately. In addition, the affidavit speculates without any evidentiary basis that Mr. Milanovic would not have awakened or quickly regained his full senses if he had lost consciousness as a result of a heat-related acute illness. These opinions lack factual bases and do not establish a question of fact.

Both Plaintiffs also advance the argument that Mr. Milanovic's dehydration was a wholly foreseeable and preventable condition, and as a result, Mr. Milanovic's own negligence prevents Defendants from establishing the unavoidable accident defense. A sudden loss of consciousness from an unforeseen cause constitutes a defense if the loss of consciousness was not foreseeable. *Parker v. Washington*, 421 P.2d 861, 866 (Okla. 1966). Plaintiffs contend that Mr. Milanovic's dehydration and failure to stay properly hydrated and the ensuing loss of consciousness is a foreseeable event. However, Mr. Milanovic testified that it was his practice to drink lots of water, gatorade, and juice while driving. (*See* Doc. 25-5, 90:4-17). In addition, Mr. Milanovic testified that he had no unusual symptoms or sensations indicating to himself that he was dehydrated. (*See Id.* at 101:23 – 103:6). As such, it was not foreseeable that a sudden loss of consciousness would result

from dehydration if he showed no symptoms regarding the condition. Accordingly, Defendants have established the affirmative defense of an unavoidable accident resulting from the sudden loss of consciousness due to a heat-related illness.

    For the reasons set forth in Defendants' Motion for Summary Judgment and Brief in Support (Doc. 25) and this Reply Brief in Support, Defendants respectfully request that this Honorable Court grant their Motions for Summary Judgment.

                                             Respectfully submitted,

                                             HL Motor Group, Inc., Highlight Motor Freight USA, Inc., Ognjen Milanovic and Old Republic Insurance Company,

                                             By: /s/ *Michael T. Franz*
                                                    One of Defendants' Attorneys

Michael T. Franz
Lewis Brisbois Bisgaard & Smith LLP
550 West Adams Street
Suite 300
Chicago, Illinois 60661
(312) 463-3329
Michael.Franz@lewisbrisbois.com

Date: June 28, 2023

*Attorneys for Defendants*

75944-45