## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FARMERS MUTUAL FIRE INSURANCE COMPANY OF OKARCHE,<br><br>     Plaintiff,<br><br>v.<br><br>HL MOTOR GROUP, INC. and OGNJEN MILANOVIC,<br><br>     Defendants. | Case No: CIV-22-752-F |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Plaintiff Farmers Mutual Fire Insurance Company of Okarche hereby submits its Proposed Jury Instructions.  Plaintiff may, with the Court's permission, request additional instructions and/or modify those submitted.

Respectfully submitted,

s/ Matthew C. Kane
Gerard F. Pignato, OBA No. 11473
Matthew C. Kane, OBA No. 19502
**RYAN WHALEY, PLLC**
400 North Walnut Avenue
Oklahoma City, Oklahoma 73104
Telephone:  (405) 239-6040
Facsimile:   (405) 239-6766
Email:  jerry@ryanwhaley.com
          mkane@ryanwhaley.com
ATTORNEYS FOR PLAINTIFF

## <u>CERTIFICATE OF SERVICE</u>

☑  I hereby certify that on August 25, 2023, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

 Michael T. Franz, Esquire
 Jeremy K. Schrag, Esquire


       s/ Matthew C. Kane
       For the Firm

## JURY INSTRUCTION NO. 1
### (USE OF ELECTRONIC DEVICES AND RESEARCH PROHIBITED)

At this time, turn off all cell phones and other electronic devices.  Do not use any electronic devices while court is in session in this case.

Do not use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, or Twitter, or any other way to find out any information about this case or the parties or attorneys.

During this trial, do not text, post, tweet, blog or otherwise broadcast anything about this case or your service on this jury.  This will help you avoid others pressuring you to discuss this trial.  If you believe that another juror is violating this instruction, please notify me by immediately giving a note to the bailiff.

It is very important that you abide by these instructions because it is essential that you keep your minds free and open at all times throughout this trial and that you not be influenced by anything except the evidence you hear and see in the courtroom.  Failure to follow these instructions could result in the case having to be retried, and you will be in violation of your oath and the Court's order, which may result in your being fined, put in jail, or both.

ACCEPTED:       _____

REJECTED:       _____

MODIFIED:       _____


_____

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

Authority:     OUJI - Civ. No. 1.0

**JURY INSTRUCTION NO. 2**
(EXPLANATION TO JURY PANEL OF VOIR DIRE)

As possible jurors you will be questioned to determine your qualifications to serve in this case.  The purpose of these questions is to obtain a fair jury.  Since this is an important part of the trial, it is necessary that you be given an oath to answer truthfully all questions asked you about your qualifications to serve as jurors.  Will you please stand, raise your right hand, and the oath will now be given to you by _____.

ACCEPTED: _____

REJECTED: _____

MODIFIED: _____


_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

_____
Authority:     OUJI - Civ. No. 1.1

## JURY INSTRUCTION NO. 3
### (Oath on Voir Dire)

Do you solemnly swear that you will truly and fully answer all questions asked you by the Judge or the lawyers to serve as a juror in the case now on trial, so help you God? [Juror should be required to answer "I do."].

or

Do you affirm under the pains and penalties of perjury to truly and fully answer all questions asked you by the Judge or lawyers to serve as a juror in the case now on trial? [Juror should be required to answer "I do."].

ACCEPTED:  _____

REJECTED:  _____

MODIFIED:  _____


_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

_____
Authority:  OUJI - Civ. No. 1.2

# JURY INSTRUCTION NO. 4
### (OATH ADMINISTERED TO JURY)

Do you solemnly swear that you will well and truly try the matter submitted to you in the case now on trial and reach a true verdict, according to the law and the evidence presented to you, so help you God?  [Juror should be required to answer "I do."].

or

Do you affirm under the pains and penalties of perjury that you will well and truly try the matters submitted to you in the case now on trial and a true verdict render, according to the law and the evidence?  [Juror should be required to answer, "I do."].


ACCEPTED:    _____

REJECTED:    _____

MODIFIED:    _____



_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

_____
Authority:    OUJI - Civ. No. 1.3

## JURY INSTRUCTION NO. 5
(JURY'S DUTIES – CAUTIONARY INSTRUCTIONS – TO BE GIVEN AFTER JURY IS SWORN)

Members of the Jury:  I will now explain to you your duties as jurors. It is vital to the administration of justice that you fully understand and faithfully perform these duties.

It is my duty to determine all of the law applicable to this case and to inform you of that law by these instructions and by the instructions that I will give you after all evidence has been received.  It is your duty to accept and follow all of these instructions as a whole, not accepting one or more of these instructions and disregarding the others.

It is your duty to determine the facts of this case from the evidence produced in open court.  It is then your duty to apply the law, as determined by the court, to the facts as determined by you, and thus render a verdict.  You should not allow sympathy or prejudice to influence your decision.  Your decision should be based upon probabilities, and not possibilities.  It may not be based upon speculation or guesswork.

The evidence which you are to consider consists of the testimony of the witnesses; the exhibits, if any, admitted into evidence; any facts admitted or agreed to by the attorneys; and any facts which I instruct you to accept as true.  The term "witness" means anyone who testifies in person, or by deposition, including the parties.

The production of evidence in court is governed by rules of law.  From time to time it may be the duty of the attorneys to object to the production of evidence and my duty to rule on these objections.  If I say the objection is sustained, you must not consider the testimony or exhibit covered by the objection.  If I say the objection is overruled, you may consider the testimony or exhibit covered by the objection.  The attorney's objections, and

my rulings upon these objections, together with the reasons for these objections and rulings are not evidence and should not be considered by you.

The statements, remarks and arguments of the attorneys are intended to help you in understanding the evidence and applying the law, but are not evidence. If any statement, remark or argument of an attorney has no basis in the evidence, then you should disregard it.

You are the sole judges of the believability of each witness and the value to be given the testimony of each. You should take into consideration the witness's means of knowledge, strength of memory and opportunities of observation. Also consider the reasonableness, consistency or inconsistency of the testimony. You should also consider the bias, prejudice or interest, if any, the witness may have in the outcome of the trial, the conduct of the witness upon the witness stand and all other facts and circumstances that affect the believability of the witness.

My rulings and remarks made during the course of this trial are not intended to indicate my opinion as to the facts. During all recesses and adjournments, while this case is in progress, you must not discuss this case, or anything about this case, with anyone, and you must not allow anyone to discuss it with you. This rule applies not only to court employees, the attorneys involved in this case, and others you may meet in the courthouse, but also to your husband and wife, other members of your family, your friends and anyone else you may meet. If during the trial anyone talks to you or tries to talk to you about this case, you must immediately report it to me, or the clerk of the court or the bailiff, who will report to me.

Do not, before this case is finally submitted to you for a decision, talk to your fellow jurors about this case, or anything about this case, or form or express any opinion about it.

[Do not read newspaper reports about this trial, and do not watch or listen to television or radio reports about it.]

The reasons for these rules are that it is essential that you should keep your minds free and open at all times throughout this trial and that you should not be influenced by anything except the evidence you hear and see in the courtroom.

From now on, at the beginning of each recess or adjournment, I will refer to these instructions as "my instructions" or "my usual instructions," but whether or not this is done, you will carefully observe these rules at all times.

ACCEPTED:    _____

REJECTED:    _____

MODIFIED:    _____


_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

_____
Authority:    OUJI - Civ. No. 1.4

# JURY INSTRUCTION NO. 6

(Jury's Duties – Cautionary Instructions – Corporation as Party)

All parties to a lawsuit are entitled to the same fair and impartial consideration, whether they are corporations or individuals.

ACCEPTED:      _____

REJECTED:      _____

MODIFIED:      _____


_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

_____
Authority:     OUJI - Civ. No. 1.6

## JURY INSTRUCTION NO. 7
### (JURY'S DUTIES – TO BE GIVEN PRIOR TO DELIBERATION)

I have given you note pads and pens.  You may take notes during the presentation of evidence in this case.  I do not require that any juror take notes.  This is entirely up to you.  If you take notes, remember this:

1. Take notes sparingly.  Do not try to write down all the testimony.  The purpose of taking notes is to help you remember.  They should not take the place of your independent memory of the testimony. Notes are helpful when dealing with measurements, times, distances, identities and relationships.

2. You must pass on the credibility of the witnesses, and to do so you must observe them.  Do not let note taking distract you from this duty.

3. If you do not take notes or take only a few notes, do not let your own independent recollection of the evidence be influenced solely by the fact other jurors have taken notes.

4. Your notes are for your private use only.  Do not share your notes with any other juror during the presentation of the case.  You may discuss your notes only with other jurors and only after the case is submitted to you for deliberation.

During recesses and at the end of the day, leave your note pad in the courtroom.  We will lock the courtroom at night and during the noon recess.

You will have access to your notes during deliberations.  After the trial is over, please leave your pads and pens in the deliberation room.  No one will read your notes. They will not be included in the official record in this case.  The notes will be destroyed.

ACCEPTED: _____

REJECTED: _____

MODIFIED: _____


_____

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

_____

Authority:    OUJI - Civ. No. 1.7

**JURY INSTRUCTION NO. 8**

(JURY'S DUTIES – INTRODUCTION TO INSTRUCTIONS –
TO BE GIVEN AFTER THE EVIDENCE)

It is now my duty to further explain your duties as jurors, and to further inform you of the law applicable to this case.  It is your duty to faithfully perform your duties and to accept and follow all instructions of the law as a whole, including the instruction I gave you at the beginning of this trial [and the instructions I gave you during the course of this trial].  You are not free to accept and follow one or more of these instructions and disregard the other.

A written copy of all instructions will be given to you before you begin your deliberations.

ACCEPTED:  _____

REJECTED:  _____

MODIFIED:  _____


_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

_____
Authority:     OUJI - Civ. No. 1.8

## JURY INSTRUCTION NO. 9
### (CLOSING INSTRUCTIONS – TO BE GIVEN AFTER THE EVIDENCE)

The Court has made rulings during this trial.  In ruling, the Court has not in any way suggested to you the weight or credit to be given any evidence or testimony received during the trial, nor intimated in any way what you should decide in this case.

You are the judges of the facts.  The importance and worth of the evidence and testimony is for you to decide.  From all the testimony heard and evidence seen by you during the trial, and using the reasoning which you each have, you will make your decision.  You should perform your duties as jurors impartially and faithfully, under your oath.

The law provides that you should now listen to and consider the arguments of counsel, which are a proper part of this case.


ACCEPTED:  _____

REJECTED:  _____

MODIFIED:  _____


_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

_____
Authority:     OUJI - Civ. No. 1.8A

**JURY INSTRUCTION NO. 10**
(JURY'S DUTIES – TO BE GIVEN PRIOR TO DELIBERATION)

Ladies and Gentlemen of the jury, that completes the argument.  This case is now submitted to you for your decision and verdict.

When you have arrived in the jury room you should first choose one of the jury as a foreperson and then begin deciding the case.  You must not use any method of chance in arriving at your verdict, but rest it on the opinion of each juror who agrees with it. The forms of all possible verdicts will be sent to the jury room with you, along with these written instructions of the Court.  If all twelve (12) of you agree on a verdict, select the correct form or forms of the verdict, and only your foreperson alone need sign it; if you do not all agree, but at least nine (9) or more of you do, then only those nine (9) or more agreeing will each, individually, sign the verdict form.  Notify the Bailiff when you have arrived at a verdict so that you may return it in open court.

ACCEPTED:      _____

REJECTED:      _____

MODIFIED:      _____


                                    _____
                                    STEPHEN P. FRIOT
                                    UNITED STATES DISTRICT JUDGE

_____
Authority:      OUJI - Civ. No. 1.9

## JURY INSTRUCTION NO. 11
### (Note Taking by Jurors – To be Given Prior to Deliberation)

You have been permitted to take notes during the testimony of this case. If you have done so you may refer to them during deliberations, and discuss the contents of your notes with other jurors. In your deliberations, give no more or no less weight to the views of a fellow juror just because that juror did or did not take notes. Your notes are not official transcripts, but are simply aids to your memory. It is the testimony from the witness stand which must be the basis of your determination of the facts, and ultimately, your verdict in the case.

ACCEPTED: _____

REJECTED: _____

MODIFIED: _____


_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

_____
Authority:     OUJI - Civ. No. 1.10

## JURY INSTRUCTION NO. 12
(VERDICT FORM)

| | |
|---|---|
| FARMERS MUTUAL FIRE INSURANCE COMPANY OF OKARCHE, | |
| Plaintiff, | |
| v. | Case No.:  CIV-22-752-F |
| HL MOTOR GROUP, INC. and OGNJEN MILANOVIC, | |
| Defendants. | |

## VERDICT FORM

We, the jury, empaneled and sworn in the above-entitled cause, do, upon our oaths, find as follows:

1. _____ For Plaintiff Farmers Mutual and against Defendants HL Motor Group, Inc. and Ognjen Milanovic.

2. _____ For Defendants HL Motor Group, Inc. and Ognjen Milanovic.

Foreperson

_____          _____

_____          _____

_____          _____

_____          _____

ACCEPTED:     _____

REJECTED:     _____

MODIFIED:     _____


_____

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

_____
Authority:     OUJI - Civ. No. 1.12 (modified)

## JURY INSTRUCTION NO. 13
### (DIRECTIONS FOR VERDICT FORMS)

If you find in favor of Plaintiff, then mark the Verdict Form for Plaintiff, and against Defendants.

If you find in favor of Defendant, then mark Plaintiff's Verdict Form for that Defendant, and against Plaintiff.

ACCEPTED: _____

REJECTED: _____

MODIFIED: _____


_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

_____
Authority:     OUJI - Civ. No. 1.12A (modified)

**JURY INSTRUCTION NO. 14**
(THE ISSUES IN THE CASE – NO COUNTERCLAIM)

The parties to this case are Plaintiff Farmers Mutual and Defendants Ognjen Milanovic and HL Motor Company.

The parties admit:

On August 8, 2020, Defendant Ognjen Milanovic ("Milanovic") was driving a semi tractor trailer, owned by HL on the Kilpatrick Turnpike in Canadian County, Oklahoma. He was within the scope and course of his employment with HL at the time the truck he was driving left the highway and crashed into two homes owned by Earlene Carr and Randy Lundy. Because Milanovic was in the scope of his employment at the time of the accident, any damages attributable to Milanovic are also damages attributable to HL.

At the time of the collision, Ms. Carr was insured under a policy of homeowners insurance issued by Farmers Mutual. Farmers Mutual has made payments to Ms. Carr under the policy in the amount of $137,472.83.

Plaintiff Farmers Mutual claims:

That Defendants were negligent and responsible for the crash, regardless of whether Milanovic fell asleep at the wheel or was dehydrated.

Defendants claim:

Defendants contend that Milanovic was dehydrated but the onset was instantaneous and unavoidable, thus relieving Defendants of any liability.

These are the issues you are to determine.

ACCEPTED:      _____

REJECTED:      _____

MODIFIED:     _____


_____

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

_____

Authority:    OUJI - Civ. No. 2.1 (modified)

## JURY INSTRUCTION NO. 15
### (THE ISSUES IN THE CASE – CAUTIONARY INSTRUCTION)

This statement of the case simply defines the issues to be tried by you in this case, and the allegations or claims made therein do not constitute any evidence, nor do the statements or arguments of counsel, but you will only consider as evidence the testimony heard from the witness stand by the witness under oath, any exhibits which have been introduced and any stipulations made by counsel, and you will consider that evidence under the following instructions.

ACCEPTED: _____

REJECTED: _____

MODIFIED: _____

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

_____
Authority:     OUJI - Civ. No. 2.5

# JURY INSTRUCTION NO. 16
## PLAINTIFF'S RELATIONSHIP WITH INSURED (SUBROGATION)

An insurance company is required to pay its innocent insured property owner for his or her covered losses when another party is at fault.  The insurance company then stands in the shoes of its insured to seek recovery from the party at fault.

Farmers Mutual is the plaintiff in this case because it has paid Ms. Carr, its insured, for her damages caused when the truck driven by Milanovic ran off the road and collided with her home.  Farmers Mutual is now seeking to recover the losses it alleges were the result of Milanovic's negligence.


ACCEPTED:    _____

REJECTED:    _____

MODIFIED:    _____


_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

_____

Authority:     *Republic Underwriters Ins. Co. v. Fire Ins. Exch.*, 1982 OK 67, ¶ 6, 655 P.2d 544, 546; *Aetna Cas. & Sur. Co. v. Associates Transports, Inc.*, 1973 OK 62, ¶ 11, 512 P.2d 137, 139; *Commercial Union Fire Ins. Co. v. Kelly*, 1964 OK 34, ¶ 16, 389 P.2d 641, 644; *Steadfast Ins. Co. v. Agric. Ins. Co.*, 475 Fed. Appx. 683, 688 (10th Cir. 2012), *certified question answered, Steadfast Ins. Co. v. Agric. Ins. Co.*, 2013 OK 63, 304 P.3d 747

**JURY INSTRUCTION NO. 17**

(PRINCIPAL AND AGENT OR EMPLOYER AND EMPLOYEE – BOTH PARTIES SUED – ISSUE AS
TO RELATIONSHIP AND SCOPE OF AUTHORITY OR EMPLOYMENT – ACTS OF AGENT OR
EMPLOYEE AS ACT OF PRINCIPAL OR EMPLOYER)


As Defendants have admitted that Milanovic was in the scope of his employment at

the time of the accident, the act or omissions of Milanovic are in law the acts or omissions

of HL Motor.


ACCEPTED:    _____

REJECTED:    _____

MODIFIED:    _____


_____

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

Authority:    OUJI - Civ. No. 7.1 (modified)

## JURY INSTRUCTION NO. 18
### (THE ISSUES IN THE CASE – ADMITTED LIABILITY)

Defendants admit that the truck Milanovic was driving, while in the scope of his employment, caused damage to Ms. Carr's home in the amount of $137,472.83.  The issues in this case to be determined by you are:

Defendants contend the accident was unavoidable by reason of sudden incapacitating illness or unconsciousness.  To meet this standard, Defendants must prove that sudden unconsciousness caused the accident, and that the sudden unconsciousness was not foreseeable.  Thus, the burden of proof is on Defendants to introduce affirmative proof of every element of the affirmative defense of unavoidable accident.


ACCEPTED:      _____

REJECTED:      _____

MODIFIED:      _____


_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

_____
Authority:     OUJI - Civ. No. 2.3 (modified); *Bowers v. Wimberly*, 1997 OK 24, 933 P.2d 312, 314.  *Parker v. Washington,* 1966 OK 263, 421 P.2d 861, 866; *Morris v. Crete Carrier Corp.*, CIV-04-888-T, 2006 WL 8436330, at *2 (W.D. Okla. Jan. 20, 2006).

## JURY INSTRUCTION NO. 19
### (BURDEN OF PROOF – GREATER WEIGHT OF THE EVIDENCE)

In a civil lawsuit, such as this one, the law provides which party is to prove certain things to you.  This is called "Burden of Proof."

When I say that a party has the burden of proof on any proposition by the greater weight of the evidence, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition on which such party has the burden of proof is more probably true than not true.  The greater weight of the evidence does not mean the greater number of witnesses testifying to a fact, but means what seems to you more convincing and more probably true.

A party who seeks to recover on a claim, or a party who raises an affirmative defense has the burden to prove all the elements of the claim or defense.  In deciding whether a party has met the burden of proof, you are to take into account all the evidence, whether offered by that party or any other party.

ACCEPTED: _____

REJECTED: _____

MODIFIED: _____


_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

_____
Authority: OUJI - Civ. No. 3.1 (modified)

# JURY INSTRUCTION NO. 20
### (NO SPECULATION)

Your decision must be based upon probabilities, not possibilities.  It may not be based upon speculation or guesswork.

ACCEPTED:   _____

REJECTED:   _____

MODIFIED:   _____


                    _____
                    STEPHEN P. FRIOT
                    UNITED STATES DISTRICT JUDGE

_____
Authority:  OUJI - Civ. No. 3.3

## JURY INSTRUCTION NO. 21
### (DETERMINING CREDIBILITY [BELIEVABILITY] OF WITNESS)

You are the sole judges of the believability of each witness and the value to be given the testimony of each.  You should take into consideration the witness's means of knowledge, strength of memory and opportunities for observation.  Also consider the reasonableness and consistency or inconsistency of the testimony.

You should also consider the bias, prejudice, or interest, if any, the witness may have in the outcome of the trial, the conduct of the witness upon the witness stand, and all other facts and circumstances that affect the believability of the witness.


ACCEPTED:   _____

REJECTED:   _____

MODIFIED:   _____


_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

_____
Authority:   OUJI - Civ. No. 3.13

## JURY INSTRUCTION NO. 22
(EXPERT WITNESS)

There has been introduced the testimony of witnesses who are represented to be skilled in certain areas.  Such witnesses are known in law as expert witnesses.  You may consider the testimony of these witnesses and give it such weight as you think it should have, but the value to be given their testimony is for you to determine.  You are not required to surrender your own judgment to that of any person testifying as an expert or otherwise. The testimony of an expert, like that of any other witness, is to be given such value as you think it is entitled to receive.

ACCEPTED:  _____

REJECTED:  _____

MODIFIED:  _____


_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

_____
Authority:     OUJI - Civ. No. 3.21

## JURY INSTRUCTION NO. 23
### (CORPORATE REPRESENTATIVE)

In a Rule 30(b)(6) deposition, there is no distinction between the corporate representative and the corporation.  The Rule 30(b)(6) designee does not give his personal opinion.  Rather, he presents the corporation's "position" on the topic.  The designee testifies on behalf of the corporation and thus holds it accountable.

Here, Mr. Saivtov was deposed as the corporate representative of HL Motor.  Thus, his testimony is the testimony of HL Motor.

ACCEPTED:        _____

REJECTED:        _____

MODIFIED:        _____


_____

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

Authority:    *Vehicle Mkt. Research, Inc. v. Mitchell Int'l, Inc.,* 839 F.3d 1251, 1256 (10th Cir. 2016); Fed.R.Civ.P. 30(b)(6)

## JURY INSTRUCTION NO. 24
(DIRECT AND INDIRECT [CIRCUMSTANTIAL] EVIDENCE – DEFINED - USE)

"Direct evidence" is the testimony of a person who asserts actual, personal knowledge of a fact, such as the testimony of an eyewitness.  "Direct evidence" may also be an exhibit such as a photograph which demonstrates the existence of a fact.  It is proof which points immediately to a question at issue and which proves the existence of a fact without inference or presumption.

"Circumstantial evidence" is the proof of facts or circumstances which gives rise to a reasonable inference of other connected facts.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  You should consider circumstantial evidence together with all the other evidence in the case in arriving at your verdict.

ACCEPTED:     _____

REJECTED:     _____

MODIFIED:     _____


_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

_____
Authority:     OUJI - Civ. No. 3.25

## JURY INSTRUCTION NO. 25
### (NEGLIGENCE – ELEMENTS OF LIABILITY)

A party claiming damages has the burden of proving each of the following propositions:

First, that [he/she] has sustained injury;

Second, that the party from whom [he/she] seeks to recover was negligent;

And, third, that such negligence was a direct cause of the injury sustained by the claiming party.

ACCEPTED: _____

REJECTED: _____

MODIFIED: _____

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

_____
Authority:     OUJI - Civ. No. 9.1

## JURY INSTRUCTION NO. 26
### (NEGLIGENCE DEFINED)

Since this lawsuit is based on the theory of negligence, you must understand what the terms "negligence" and "ordinary care" mean in the law with reference to this case.

"Negligence" is the failure to exercise ordinary care to avoid injury to another's person or property. "Ordinary care" is the care which a reasonably careful person would use under the same or similar circumstances. The law does not say how a reasonably careful person would act under those circumstances. That is for you to decide. Thus, under the facts in evidence in this case, if a party failed to do something which a reasonably careful person would do, or did something which a reasonably careful person would not do, such party would be negligent.

ACCEPTED: _____

REJECTED: _____

MODIFIED: _____


_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

_____
Authority:    OUJI - Civ. No. 9.2

**JURY INSTRUCTION NO. 27**
(ORDINARY CARE – DEFINED)

Ordinary care is the care which a reasonably careful person would use under the same or similar circumstances.

ACCEPTED: _____

REJECTED: _____

MODIFIED: _____

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

_____
Authority:    OUJI - Civ. No. 9.3

**JURY INSTRUCTION NO. 28**
(DIRECT CAUSE – DEFINITION)

Direct cause means a cause which, in a natural and continuous sequence, produces injury and without which the injury would not have happened.  For negligence to be a direct cause it is necessary that some injury to a person or to the property of a person in Plaintiff's situation must have been a reasonably foreseeable result of negligence.

ACCEPTED:      _____

REJECTED:      _____

MODIFIED:      _____


_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

_____
Authority:    OUJI - Civ. No. 9.6